**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **LARS ST. JOHN,** ) | **CASE NO. 1:10CV0954** |
| ) | |
| Plaintiff, ) | |
| ) | **MAGISTRATE JUDGE GREG WHITE** |
| v. ) | |
| ) | |
| **BOSLEY, INC., et al.,** ) | |
| ) | |
| Defendants. ) | **MEMORANDUM OPINION & ORDER** |

Before the Court are three motions filed by plaintiff, Lars St. John ("St. John"). Two motions request an order compelling disclosure or discovery regarding interrogatories (Doc. Nos. 45, 53), and the third is a motion for leave to amend his complaint to reinstate a sexual harassment claim. (Doc. No. 50.) Defendants oppose the motions. (Doc. Nos. 49, 52, 56.) For the following reasons, St. John's motions are denied.

St. John's complaint, as filed on April 28, 2010, alleged four violations against the defendants: (1) bodily injury pursuant to Ohio law;[1] (2) sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and O.R.C. § 4112.02; (3) breach of contract in violation of Ohio law;[2] and (4) discrimination based on race and gender in violation of Title VII and 42 U.S.C. § 1981. (Doc. No. 1.) The named defendants were Medical Hair

---

[1] St John relies on O.R.C. § 2305.10, which sets forth the statute of limitations for product liability, bodily injury or injury to personal property claims.

[2] Again, St. John relies on O.R.C. § 2305.06, which sets forth that the statute of limitations for a contract in writing is fifteen years.

Restoration ("MHR"), Dr. Gabriel Krenitsky, Randall Miller, Chief Executive Officer of MHR, and employees Michael Leavitt, Maureen Lenon, Linda Coyne, and James Doucette.

As St. John is proceeding *pro se*, "'his pleadings are held to a less stringent standard than those prepared by an attorney' and are liberally construed in his favor." *Humphreys v. United States*, 238 Fed. Appx. 134, 138 (6th Cir. 2007)(*quoting Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006)). Other than that, no special treatment is afforded litigants who decide to proceed *pro se*. *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershot*, 840 F.2d 339, 343 (6th Cir. 1988).

On August 6, 2010, Judge Kathleen O'Malley,[3] *sua sponte*, dismissed St. John's Title VII claims as he was not an employee of MHR. (Doc. No. 5 at 3.) The Court concluded, however, that St. John's § 1981 claim was actionable. *Id*. She also determined that St. John's state law claims for breach of contract and bodily injury/medical malpractice could be heard as pendent claims. *Id*.

St. John now motions the Court to reinstate his "sexual harassment claim under the correct statute O.R.C. § 2305.10 Bodily Injury/Personal Property" stating that he "made a harmless error by stating the wrong statute." (Doc. No. 50.) He relies on *Nadra v. Mbah*, 119 Ohio St.3d 305, 893 N.E.2d 829 (2008), in which he argues the Ohio Supreme Court applied O.R.C. § 2305.10 to such claims as "personal injury, including bodily injury, harassment and loss of reputation." *Id.* Defendants contend that *Nadra* simply found that the two-year statute of limitations applied to such claims. (Doc. No. 52 at 2.)

In *Nadra*, the plaintiff brought a § 1983 claim against social workers for not returning custody of her child. *Id*. at 306. The *Nadra* Court concluded that the applicable statute of limitations for an Ohio civil rights action is found in O.R.C. § 2305.10 (two years after the cause of action accrues.) *Nadra* did not involve a sexual harassment claim. Furthermore, there is no reference in O.R.C. § 2305.10 to "harassment." As St. John's claim is not based on § 1983,

---

[3]Judge O'Malley is now sitting on the Federal Circuit Court.

*Nadra* is not applicable.

In any event, upon review of the record, the Court concludes that the August 6, 2010, Order left intact St. John's claim under O.R.C. § 2305.10 regarding bodily injury/medical malpractice. (Doc. No. 5 at 3-4.) As it appears St. John is trying to reinstate a sexual harassment claim based upon a statute that is inapplicable, St. John's motion is denied. (Doc. No. 50.)

Regarding St. John's motions for order compelling disclosure or discovery, the Court's Local Rule 37.1 sets forth specific steps that must be taken prior to filing a discovery motion:

> (1) Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes.
>
> (2) The Judicial Officer may attempt to resolve the discovery dispute by telephone conference.
>
> (3) In the event the dispute is not resolved by the telephone conference, the parties shall outline their respective positions by letter and the Judicial Officer shall attempt to resolve the dispute without additional legal memoranda.
>
> (4) If the Judicial Officer still is unable to resolve the dispute, the parties may file their respective memoranda in support of and in opposition to the requested discovery by a date set by the Judicial Officer, who may schedule a hearing on the motion to compel.

The rule provides that a party must certify that there has been a good faith effort to resolve the dispute, and allow for an alternative resolution, prior to filing a motion to compel. *See Bertz v. Norfolk S. Ry.*, 2004 U.S. Dist. LEXIS 7581, *6, n. 2, 2004 WL 952796 (N.D.Ohio Apr. 12, 2004); *Stone v. Jo-Ann Stores Inc.*, 193 F.R.D. 514, 517 (N.D. Ohio 2000). Failure to comply with L.R. 37.1 may result in the denial of a subsequent discovery motion. *See e.g., Schneider Saddlery Co. v. Best Shot Pet Prod. Intl., LLC*, 2007 U.S. Dist. LEXIS 83676, *3, 2007 WL 3232452 (N.D.Ohio Nov. 1, 2007); *Mohney v. USA Hockey, Inc.*, 77 F.Supp.2d 859, 878 (N.D. Ohio 1999), rev'd on other grounds, 5 F. App'x 450 (6th Cir.2001).

As St. John has not followed this procedure, his motions to compel discovery are not properly before the Court. Nonetheless, as to the first motion to compel, defendants amended their answers to certain interrogatories and stated that they have provided appropriate discovery responses satisfying Fed. R. Civ. P. 33(b). After reviewing defendants' response and being

3

mindful that St. John will have the opportunity to depose the named individuals, the Court denies St. John's motion to compel disclosure or discovery. (Doc. No. 45.) The Court also reviewed defendants' responses to St. John's second motion to compel and finds that their responses, again, are sufficient and in accordance with the Fed. R. Civ. P. 33(b). Therefore, St. John's second motion compelling disclosure or discovery is also denied. (Doc. No. 53.) The Court advises St. John that in the future, he must comply with Local Rule 37.1 and make a good faith effort to resolve the dispute prior to filing any motion to compel.

In summary, the following claims and defendants remain: a § 1981 claim and state bodily injury and breach of contract claims. The remaining defendants are Bosley, Inc, Medical Hair Restoration, Dr. Gabriel Krenitsky, Randall Miller, Maureen Lenon, Linda Coyne, James Doucette, and Matt L. Leavitt.

IT IS SO ORDERED.

       s/ Greg White
United States Magistrate Judge

Date: April 21, 2011